UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                :

SIMON MOSHEL,
                :

          Petitioner,         : **REPORT AND RECOMMENDATION**

      -against-

                : 06 Civ. 801 (GBD)(KNF)

CRAIG APKER, Warden in His Official Capacity,
                :

          Respondent.
                :
------------------------------------------------------------ X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

      On June 1, 2005, Simon Moshel ("Moshel"), the petitioner, was sentenced, in the United States District Court for the Eastern District of New York, upon his conviction for conspiracy to traffic in counterfeit goods, to a term of 20 months imprisonment and three years of supervised release. Thereafter, in February 2006, while housed at the Federal Correctional Institution in Otisville, New York, Moshel, proceeding pro se, made an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Subsequently, Moshel filed an amended petition. Through his application for the writ, the petitioner challenged a Federal Bureau of Prisons ("BOP") February 2005 Rule that limited the placement of federal prisoners in community corrections centers ("CCC") and requested that the court direct BOP to consider him for CCC placement prior to the time prescribed by the February 2005 Rule. The respondent opposed the petition.

      On July 10, 2006, the Second Circuit Court of Appeals determined that BOP's enactment of the February 2005 Rule was an improper exercise of its rulemaking authority and that, in transferring an inmate to a CCC, BOP must consider the factors set forth in 18 U.S.C. § 3621(b).

See Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006).  On June 15, 2007, the petitioner was released from prison and is now serving a three-year term of supervised release.

A district court has within its jurisdiction the power to grant a writ of habeas corpus to a federal prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003).  28 U.S.C. § 2241 is the proper vehicle for a prisoner to challenge confinement in a federal correctional center rather than a CCC.  Levine, 455 F.3d at 77-78.

BOP's February 2005 Rule governed the petitioner's confinement from June 1, 2005, when he commenced serving his sentence, and at all times pertinent to the instant petition.  The Second Circuit's invalidation of BOP's February 2005 Rule, in July 2006, because the agency had acted in excess of its authority when it adopted the Rule, would have made the petitioner's confinement at BOP's Otisville facility, after December 2006, rather than at a CCC, a violation of the laws of United States, thus entitling him to relief only if BOP failed to consider Moshel for CCC placement in or about December 2006.  The record before the Court does not indicate whether, after Levine, BOP failed to consider Moshel for CCC placement under the terms and conditions of its pre-Rule policies.  In any event, despite the invalidation of the February 2005 Rule, the court is unable, to grant the petitioner the relief he sought because he has been released from prison and is serving a three-year term of supervised release.

## RECOMMENDATION

For the reasons set forth above, I recommend that the petition be denied.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

2

the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       August 27, 2007

Respectfully submitted,

_Kevin Nathaniel Fx_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Simon Moshel
Allison D. Penn, Esq.